UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

ABSOLUTE REMODELING CONCEPTS, LLC,         Case No. 21-21397-SMG

       Debtor.                                                                    Chapter 7
_____/

KENNETH A. WELT, as Chapter 7 Trustee,        Adv. Pro. No. 23-01129-SMG

       Plaintiff,

v.

PNC BANK, N.A. and SHARON DECAROLIS,

       Defendant.
_____/

**NOTICE OF SERVICE OF SUBPOENA**

      Kenneth A. Welt, the duly appointed Chapter 7 Trustee ("Trustee Welt") of the bankruptcy estate of Absolute Remodeling Concepts, LLC, ("Debtor"), by and through counsel hereby gives notice of the issuance of a Subpoena for Deposition *Duces Tecum* to **Dirocco & Company, C.P.A., P.A.** The subpoena requires production of documents on **April 12, 2024 at 3:00 p.m. (EST)** for inspection, and appearance of the representative for Dirocco & Company, C.P.A., P.A. on **April 16, 2024,** at the offices of **Stearns Weaver, et al., c/o Eric J. Silver, Esq., 150 W Flagler Street, Suite 2200, Miami, FL 33130.** A copy of the Subpoena attached hereto as Exhibit A.

Dated: March 28, 2024

Respectfully submitted,

*/s/ Eric J. Silver*
ERIC J. SILVER, ESQ.
Florida Bar No. 57262
esilver@stearnsweaver.com
STEARNS WEAVER MILLER WEISSLER
 ALHADEFF & SITTERSON, P.A.
150 West Flagler Street
Museum Tower, Suite 2200
Miami, Florida 33130
Telephone:    (305) 789-3200

*Counsel to Trustee*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Notice was served via CM/ECF Notification to all parties registered to receive such notice on this 28th day of March 2024.

*/s/ Eric J. Silver*
ERIC J. SILVER, ESQ.
Florida Bar No. 57262
esilver@stearnsweaver.com

#12620887 v1

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:

ABSOLUTE REMODELING CONCEPTS, LLC,    Case No. 21-21397-SMG

Debtor.                                Chapter 7
_____/

KENNETH A. WELT, as Chapter 7 Trustee,    Adv. Pro. No. 23-01129-SMG

            Plaintiff,
v.

PNC BANK, N.A. and SHARON DECAROLIS,

            Defendant.
_____/

## SUBPOENA FOR DEPOSITION *DUCES TECUM*

To:   **Dirocco & Company, C.P.A., P.A.
       7800 W. Oakland Park Blvd.
       Bldg. C, Suite 306
       Sunrise, FL 33321**

[ ]   YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date and time specified below to testify in the above jointly administered cases.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

[X]   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| **Stearns Weaver, et al.**<br>**150 West Flagler Street, Suite 2200**<br>**Miami, Florida 33130** | **April 16, 2024** |

The examination will be recorded by this method: Court Reporter

[X]   YOU ARE COMMANDED to produce and permit inspection and copying of the documents or objects listed on **Exhibit A** at the place, date, and time specified below:

| PLACE | DATE AND TIME: |
|---|---|
| **Stearns Weaver, et al.**<br>**150 West Flagler Street, Suite 2200**<br>**Miami, Florida 33130** | **April 12, 2024 at or before 3:00 p.m.** |

Any organization not a party to this proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf,

and may set forth, for each person designated, the matters on which the person will testify, Rule 30(b)(6), Federal Rules of Civil Procedure, made applicable in bankruptcy cases and proceedings by Rules 1018, 7030, and 9014, Federal Rules of Bankruptcy Procedure.

| ISSUING OFFICER SIGNATURE<br>/s/ Eric Silver | TITLE<br>Counsel for Trustee Kenneth A. Welt |
|---|---|
| ISSUING OFFICER'S NAME  (PRINT)<br>ERIC J. SILVER<br>FL Bar No. 57262 | PHONE:   305-789-3200<br>EMAIL:  esilver@stearnsweaver.com |
| ADDRESS<br>Stearns Weaver Miller Weissler Alhadeff & Sitterson, PA.<br>Museum Tower, Suite 2200, 150 West Flagler Street<br>Miami, FL 33130 | DATE<br><br>March 28, 2024 |

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|
| SERVED | |
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____            _____
                             DATE                                                                  SIGNATURE OF SERVER

                                                                                         _____
                                                                                            ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c) (d), and (e), as amended on December 1, 2006, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

   (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney s fee.

   (2)(A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

   (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises - or to producing electronically stored information in the form or forms requested.  If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant

or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

   (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

      (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

      (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

      (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost.  On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost.  If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause,

expense resulting from the inspection, copying, testing, or sampling commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert s opinion or information not describing specific events or occurrences in dispute and resulting from the expert s study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash

considering the limitations of Rule 26(b)(2)(C).  The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it.  After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved.  A receiving party may promptly present the information to the court under seal for a determination of the claim.  If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it.  The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.  Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued.  An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**EXHIBIT "A"**

**DEFINITIONS AND INSTRUCTIONS**

For the purposes of responding to each of the document requests set forth below, the following definitions and instructions should be followed:

1. "Bankruptcy Case" means the chapter 7 bankruptcy case styled *In Absolute Remodeling Concepts, LLC*, Case No. 23-21397-SMG, and *Kenneth Welt v. PNC Bank, N.A.,* Adversary Case No. 23-1129-SMG.

2. "Communications" means any transmittal of information by any means or any response thereto by any means.

3. "Concerning" means, directly or indirectly, in whole or in part, containing, constituting, contradicting, controverting, corroborating, demonstrating, describing, discussing, disputing, embodying, evidencing, identifying, memorializing, mentioning, pertaining to, proving, rebutting, recording, refuting, referring to, reflecting, relating to, showing, substantiating, summarizing, supporting, arising out of or in connection with, or in any way legally, logically, or factually connected with.

4. "Debtor" means Absolute Remodeling Concepts, LLC, a Florida limited liability company.

5. "Document" means any writing, recording, electronically stored information, photograph, or other tangible or intangible thing from which information may be obtained or derived, including, without limitation:  original or exact copies of any tangible written, typed, printed, electronic, photographed, or other form of recorded or graphic matter of every kind or description, however produced or reproduced, whether mechanically or electronically recorded, draft, final, original, reproduction, signed or unsigned, regardless of whether approved, signed,

sent, received, redrafted, or executed, and whether handwritten, typed, printed, photostatted, duplicated, carbon or otherwise copied or produced in any other manner whatsoever. Without limiting the generality of the foregoing, "document" shall include communications, correspondence, letters, telegrams, telexes, mailgrams, e-mails, text messages, instant messaging records or logs, calendars, diaries, memoranda (including interoffice memoranda, intraoffice memoranda, memoranda for files, and memoranda of telephone, meeting, or other conversations), notes or notations, minutes, booklets, books, drawings, graphs, charts, telephone records, telephone messages, voicemail messages, video cassettes, electronic tapes, microfilms, discs or other recordings, computer programs, printouts, data cards, studies, analysis and other data compilations from which information can be obtained. Copies of documents which are not identical duplications of the original, or which contain additions to or deletions from the originals, or copies of documents which are identical duplications of the originals if the originals are not available, shall be considered to be separate documents. <u>The term also refers to and includes all metadata associated with the subject document</u>.

      6.      "<u>Expo</u>" means Expo Home Center, Inc. a Florida corporation.

      7.      "<u>Person</u>" means the singular or plural natural person, corporation, partnership, association, organization, government (including all instrumentalities, officers, agents, and subdivisions thereof), and all other business, legal, or artificial entities.

      8.      "<u>Petition Date</u>" means December 1, 2021.

      9.      "<u>Request</u>" means a request contained in the SPECIFIC REQUESTS section, *infra*.

      10.     "<u>You</u>," "<u>Your</u>," means the party to whom this subpoena is issued or directed, including your divisions, departments, subsidiaries, affiliates, predecessors, present or former

officers, directors, owners, agents, attorneys, and all other persons acting or purporting to act on your behalf.

## **INSTRUCTIONS**

1. The documents covered by the Requests include all documents in your possession, custody, or control, regardless of whether such documents or materials are possessed directly by you or your professionals, advisors, directors, officers, partners, associates, subsidiaries, affiliates, successors, accountants, investigators, managers, members, shareholders, representatives, employees, attorneys, agents, third party cloud providers, and any other persons or entities acting on your behalf or under your control.

2. Each Request shall be deemed to be continuing in nature. If at any time additional documents come into your possession, custody, or control or are brought to your attention, prompt supplementation of your response to the Requests is required.

3. Documents shall be produced in the manner in which they are maintained in the usual course of the business. The documents shall be organized and labeled to correspond with the categories in the Requests. Each Request for a document shall be deemed to include a request for any and all file folders within which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document, in addition to the document itself.

4. Documents shall be produced in such fashion as to identify the department, branch, or office in which they were located and, where applicable, the natural person in whose possession it was found and the business address of each document's custodian(s). Each page produced in response to these Requests shall be stamped with a unique prefix, or otherwise

identified, such that the source of each page or document produced is apparent. At a minimum, the entity producing the document shall be apparent.

     5.     As to any document requested but withheld based on your assertion of any privilege or immunity, please set forth: (i) the title of the document; (ii) the type of document (*e.g.*, letter, note, memorandum, etc.); (iii) the date of the document; (iv) the subject matter of the document; (v) the identities of all persons who authored the document, or assisted in its preparation, or in whose name the document was prepared; (vi) the identities of all persons to whom the document was addressed; (vii) the identities of all other persons to whom the document was sent, or who received, have seen, have had possession or custody of, or have had disclosed to them the contents of, the document or any copies thereof; and (viii) sufficient information regarding the grounds for withholding the document to explain the claim of privilege or immunity.

     6.     If any document requested herein has been destroyed or lost, provide in lieu of the true and correct copy thereof a description of the document so lost or destroyed, together with the following information: (i) the date of the document; (ii) a brief description of the document; (iii) the author of the document; (iv) the date upon which the document was destroyed or lost; and (v) a brief statement regarding the manner in which the document was lost or destroyed.

     7.     Documents attached to each other shall not be separated.

     8.     Any word written herein in the singular shall be construed as plural or vice versa as necessary in order to bring within the scope of the Request all documents that might otherwise be construed to be outside its scope.

9. The terms "and" as well as "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of the Request all documents that might otherwise be construed to be outside its scope.

10. The terms "all" and "each" shall be construed as "all and each."

11. If any copy of any document for which production is sought, whether a draft or a final version, is not identical to any other copy thereof, by reason of alterations, notes, comments, initials, underscoring, indication of routing or other material contained thereon or attached thereto, such non-identical copy shall be produced separately.

12. If you consider any term in any Request to be vague or capable of more than one meaning, identify the meaning you are ascribing to such term, then respond to the Request as construed with such word given such meaning.

13. Each Request shall be construed independently. No Request should be construed by reference to any other Request for the purpose of limiting the scope of response to such Request unless stated otherwise.

**RELEVANT TIME PERIOD**

Unless otherwise stated, the "Relevant Time Period" for the Requests is from two (2) years prior to the Petition Date to the date of production.

**ELECTRONICALLY STORED INFORMATION**

The Requests call for the production of electronically stored information ("ESI") and ESI shall be produced in native form. In searching for electronic documents responsive to these Requests, you shall search for all such electronic documents regardless of the form in which the document exists or the location in which it is stored. Among other places, you shall search for electronic documents stored on all servers, networks, hard drives, desktop computers, notebook

computers, personal digital devices, all back-up storage tapes, and with any third party cloud providers.

## SPECIFIC REQUESTS:

1. Tax Returns for Expo for the years 2020, 2021, and 2022.

2. Tax Returns for the Debtor for the years 2020, 2021, and 2022.

3. Your entire file regarding the Debtor and Expo, including, but not limited to, retainer letters, all files, work papers, schedules, source materials, reports, original documents, and documents of every nature and description in your possession or control, in anyway relating to the Debtor and Expo.

4. All communications with the Debtor and Expo, including correspondence, e-mails, original documents, and documents of every nature and description in your possession or control.

5. Any and all documents relied on by you or utilized by you in preparing Tax Returns for Expo and the Debtor.

6. All shareholder, operating, bylaws, and other organizational documents concerning Debtor and Expo.

7. All books, records and financial statements of the Debtor and Expo.

#12619775 v2